UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONYA WASHINGTON-NASH                                   CIVIL ACTION

VERSUS                                                            NO. 23-4942

UNITED SERVICES                                               SECTION M (5)
AUTOMOBILE ASSOCIATION

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant United Services Automobile Association ("USAA").[1]  The motion was set for submission on February 15, 2024.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 7, 2024.  Plaintiff Tonya Washington-Nash ("Plaintiff"), who is represented by counsel, did not file an opposition to the motion.  Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 9.

[2] R. Doc. 13.  The motion was originally set for submission on February 8, 2024.  R. Doc. 11.  However, the Court granted Plaintiff's motion to continue the submission date, extending it to February 15, 2024.  R. Docs. 12; 13.

[3] This is an insurance coverage dispute arising out of damage to Plaintiff's property sustained during Hurricane Ida, which made landfall on August 29, 2021.  At the time the hurricane made landfall, Plaintiff's property was covered by a homeowners insurance policy issued by USAA.  R. Doc. 1 at 2.  Plaintiff filed suit in this Court raising claims of breach of contract against USAA and invoking the Court's diversity subject-matter jurisdiction under 28 U.S.C. § 1332.  *Id.* at 1-7.  Plaintiff states that she is a resident of Louisiana, and that USAA is incorporated under the laws of Texas and its principal place of business is located in Texas.  *Id.* at 2.  On December 28, 2023, USAA filed the instant motion to dismiss, arguing that the Court lacks jurisdiction over this case because Plaintiff and USAA are both citizens of Louisiana.  R. Doc. 9.  USAA is a reciprocal interinsurance exchange whose citizenship is determined by the citizenship of each of its constituent members.  USAA has members in all 50 states and is thus a citizen of every state, including Louisiana.  *Miles v. United Servs. Auto. Ass'n*, 2023 WL 5974859, at *1 (E.D. La. Sept. 14, 2023) ("Several federal courts have held that USAA is a 'reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes.'"); *Cruz v. United Servs. Auto. Ass'n*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) ("[N]umerous sections of this Court have found that USAA is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen of Louisiana."); *Drake v. United Servs. Auto. Ass'n*, 2020 WL 6262996, at *1 (E.D. La. Feb. 28, 2020) ("USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction. … [I]ts members reside in all 50 states, including Louisiana.").  Because Plaintiff and USAA are both citizens of Louisiana, this Court lacks diversity subject-matter jurisdiction over this case, and it must be dismissed.

IT IS ORDERED that USAA's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that all claims of Plaintiff against USAA are dismissed WITHOUT PREJUDICE.

New Orleans, Louisiana, this 16th day of February, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE